UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEERTESE BIERGE,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH RAMOS, CURRIER, MIKE NELSON, ANDREW SAUCEDO, and STEVE WHITE<br><br>Defendants. | No. 2:16-cv-3037 MCE AC (PS)<br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff has requested leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. ECF No. 2. The request will be denied because the complaint, in its current form, is not signed by and does not appear to be brought by the plaintiff in this case, Mr. Leertese Bierge, and does not state a legal claim upon which relief can be granted. Where "plaintiff's claim appears to be frivolous on the face of the complaint," the district court may "deny[] plaintiff leave to file in forma pauperis." O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

## I. SCREENING

Plaintiff must assist the court in determining whether the complaint is frivolous or not, by drafting his complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ.

1

P."). The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure. Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Erickson v. Pardus, 551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010). However, the court need not accept as true legal conclusions cast in the form of factual allegations, or allegations that contradict matters properly subject to judicial notice. See Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). Pro se complaints are construed liberally and may only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### A. The Complaint

The complaint, which is unsigned, appears to make some assertions regarding the fairness of plaintiff Leertese D. Bierge's criminal trial, ECF No. 1, 9, and some assertions about a civil rights violation involving an assault, id. at 5-6. The narrative portion of the complaint was drafted by William Brown, who alleges that he is the "Legal guardian and Father of Leertese D Bierge." Id. at 9. Mr. Brown does not submit any evidence that Leertese Bierge is a minor, is incompetent, or that he is Mr. Bierge's legal guardian with the right to sue on Mr. Bierge's behalf. Id.

### B. Analysis

The complaint is frivolous and cannot be pursued (1) because it is not brought by the plaintiff himself, but instead by the plaintiff's father on plaintiff's behalf, without a showing that plaintiff is a minor or incompetent, or that plaintiff's father is authorized to bring a lawsuit on his behalf; and (2) because it fails to state any cognizable legal claims.

#### a. Plaintiff Did Not Sign The Complaint

The plaintiff, the person who is bringing legal claims before the Court, must personally sign complaint and include his address, e-mail address, and telephone number. Fed. R. Civ. P. 11(a). A complaint needs to be brought and signed by the "real party in interest," meaning the person who actually holds the legal claims in question. Fed. R. Civ. P. 17(a)(1). A litigant representing himself has no authority to represent anyone other than himself. Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962). If a person is a minor or is legally incompetent, certain kinds of representatives can sue on their behalf. Fed. R. Civ. P. 17(c)(1). These types of representatives include (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary. Id. "A general guardian is a guardian who has general care and control of the ward's person and estate." AT&T Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042 (E.D. Cal. 2015) (quoting Black's Law Dictionary (10th ed. 2014)).

Mr. William Brown appears to have drafted and submitted the complaint (ECF No. 1), the Motion to Proceed In Forma Pauperis (ECF No. 2), and all exhibits in this case on behalf of

plaintiff Leertese Bierge. Though Mr. Brown asserts that he is the legal guardian of plaintiff Leertese Bierge, he does not submit any evidence that Mr. Bierge is a minor, is incompetent, or that Mr. Brown is actually Mr. Bierge's legal representative with a right to sue on his behalf. Mr. Brown's personal belief that his son has suffered "a nervous breakdown," ECF No. 1 at 9, does not constitute evidence of legal incompetence or demonstrate Mr. Brown's legal authority to sue on Mr. Bierge's behalf.

### b. Plaintiff's Allegations Do Not State A Legal Claim

In order to survive IFP screening, the complaint must allege facts showing that defendant engaged in some conduct that the law prohibits (or failed to do something the law requires), and that in doing so, defendant harmed plaintiff. However, is not clear from the few factual allegations in the complaint whether plaintiff could possibly state a claim that can be heard in this court, and that would entitle him to relief.

### 1. Plaintiff Cannot Challenge The Validity Of A Criminal Trial, Conviction, Or Sentence In A Civil Lawsuit

In his complaint, plaintiff appears to be challenging the validity of his criminal trial and confinement. ECF No. 1, 6-9. State prisoners may not challenge the fact or duration of their confinement in a civil lawsuit, and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar[1], this limitation applies whenever state prisoners "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81 (emphasis in original). Accordingly, "a state prisoner's [civil rights action] action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82. Here, most of plaintiff's allegations appear to be

---
[1] Heck v. Humphrey, 512 U.S. 477 (1994).

4

related to the fairness and consequent validity of his criminal trial. ECF No. 1, 9. A favorable finding on these claims would necessarily imply the invalidity of the conviction. Accordingly, these claims are not cognizable in a civil action.

### 2. Plaintiff Must Specify Defendant Involvement

Plaintiff's allegations involving "excessive force" and physical injuries suggest that plaintiff is attempting to bring civil rights claims pursuant to 42 U.S.C. § 1983. ECF No. 1 at 5-6. If Plaintiff chooses to file a first amended complaint, § 1983 requires that he demonstrate how the conditions or events about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). For example, if plaintiff means to allege that a law enforcement official violated his civil rights by assaulting him and breaking his arm, see ECF No. 1 at 5, he must identify the individual, name the individual as a defendant, and explain briefly but specifically what happened and how the defendant caused the injury.

### 3. Plaintiff Cannot Sue Defendants Who Are Immune From Suit

Plaintiff alleges claims against some defendants who may be immune from suit. For example, plaintiff brings suit against Steve White, Sacramento County Judge. The Supreme Court has held that judges acting within the course and scope of their judicial duties are absolutely immune from liability for damages under § 1983. Pierson v. Ray, 386 U.S. 547, 553-54 (1967). A judge is "subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 356-7 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351 (1872)). Plaintiff also sues Elizabeth Ramos, District Attorney. Prosecutors are absolutely immune from civil suits for damages under § 1983 which challenge activities related to the initiation and presentation of criminal prosecutions. Imbler v. Pachtman, 424 U.S. 409, 427-

28 (1976). Determining whether a prosecutor's actions are immunized requires a functional analysis. The classification of the challenged acts, not the motivation underlying them, determines whether absolute immunity applies. Ashelman v. Pope, 793 F.2d 1072 (9th Cir. 1986) (en banc). The prosecutor's quasi-judicial functions, rather than administrative or investigative functions, are absolutely immune. Thus, even charges of malicious prosecution, falsification of evidence, coercion of perjured testimony and concealment of exculpatory evidence will be dismissed on grounds of prosecutorial immunity. See Stevens v. Rifkin, 608 F. Supp. 710, 728 (N.D. Cal. 1984).

Plaintiff cannot bring suit against immune defendants.

4. Plaintiff Can Only Sue State Actors Under 42 U.S.C. § 1983

A plaintiff in a civil rights action under § 1983 must show that the alleged violation was committed by a person acting "under color of state law." See West v. Atkins, 487 U.S. 42 (1988). One common example of a person acting "under color of state law" is a police officer who violates someone's rights while on the job. However, a public defender does not act "under color of state law" when representing an indigent defendant in a state criminal proceeding. Polk County v. Dodson, 454 U.S. 312 (1981). The complaint names Mike Nelson, Public Defender, as a defendant. ECF No. 1 at 2. Although the nature of the claim against Nelson is unclear, petitioner is informed that a damages claim under § 1983 may not be maintained against a public defender.

C. Amending The Complaint

If plaintiff chooses to amend his complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction, and must contain a short and plain statement of plaintiff's claim(s). If plaintiff seeks damages pursuant to 42 U.S.C. § 1983, he must allege the violation of a right secured by the Constitution and laws of the United States, and must state facts showing that the alleged deprivation was committed by a person or persons acting under color of state law. West, 487 U.S. at 48. As explained above, the complaint must include facts demonstrating the specific involvement of each named defendant.

The allegations of the complaint must be set forth in sequentially numbered paragraphs,

with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Fed. R. Civ. P. 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the Plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make Plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, an amended complaint and all subsequent pleadings, motions, or other papers must be personally signed by the plaintiff, Mr. Leertese Bierge. Alternatively, Mr. William Brown must provide proof to the Court that he has the legal right to sue in behalf of Mr. Leertese Bierge because Mr. Bierge is a minor or is incompetent, in accordance with Fed. R. Civ. P 17(c).

## II. SUMMARY

The application to proceed in forma pauperis is denied because (1) it was not signed by Leertese Bierge, and (2) the complaint is frivolous. You are being given a chance to submit a new IFP application if you wish.

The complaint does not provide enough information for you to proceed with this lawsuit, but you are being given a chance to file an amended complaint. An amended complaint must be signed by the plaintiff Leertese Bierge personally, unless plaintiff is a minor or has been declared legally incompetent. If you choose to amend the complaint, keep these things in mind: (1) The fairness and validity of a criminal trial cannot be challenged in a lawsuit for damages. Someone who has been convicted of a crime can only sue for damages related to an unfair trial if his conviction has already been set aside. (2) Claims for civil rights violations can be brought under 42 U.S.C. § 1983 against persons who committed the violations "under color of state law," including law enforcement officers. If you are trying to bring this kind of claim, you must identify the officer(s) involved and briefly but specifically explain what each defendant did to violate your rights. (3) Judges generally cannot be sued for their judicial rulings, and prosecutors generally cannot be sued for things they did in prosecuting cases. (4) Public defenders cannot be sued under § 1983 for things they did or didn't do while representing clients. (5) If you choose to amend your complaint, you must follow the requirements of Rule 8 of the Federal Rules of Civil Procedure.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is DENIED without prejudice. Plaintiff may, within 30 days from the date of this order, file a renewed IFP application signed by plaintiff personally, or by a legally authorized representative if plaintiff is a

minor or legally incompetent, and documentation of such is provided.

    2. Plaintiff shall have 30 days from the date of this order to file an amended complaint that complies with the instructions given above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: June 6, 2017

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE